Appellate Court
5th Circuit

19-40193

~~striked~~

Appeal of detention pending sentencing;
release pending sentencing [Emergency Motion]

I respectfully file this memorandum in support for my interlocatory appeal of detention pending sentencing, seeking relief: release pending sentencing and a surrender date after sentencing. Please consider this motion emergent and make prompt disposition of this relief seeking.

COURT OF APPEALS
RECEIVED
MAR 19 2019
5th CIRCUIT

## I. 18 USC §3143(a)(1)

Pursuant to 18 USC §3143(a)(1), in order to be on release pending sentencing, the defendants who are not charged with crimes within the categories described by §3142(f)(1)(A),(B),(C) must demonstrate and ensure that the defendant is not a flight risk nor a danger to others. I am definitely neither. The district court frivolously labelled me as a flight risk and a danger to keep me ignorant about my own case, to deprive me of legal a material access, and to subject me to intolerable conditions in order to extract/extort a plea deal, conspiring with the prosecutor's office, the USMS, and the jail. They failed miserably and now they are purposely and unnecessarily delaying sentence hearing in retaliation.

1. Flight risk factor.

(a) I am not an illegal immigrant from Mexico who can just hop over a fence or cross a river to flee prosecution to a foreign country. I am a permanent resident from South Korea. It takes either maritime or aerial transportation to go to South Korea, which is impossible to obtain at the moment since

(1) The ATF and the FBI seized my passport and permanent resident cards on 20180406. I have no idea ~~or~~ ~~the~~

whereabouts of these items. I made several motions regarding them, which Schroeder frivolously denied all. (dkr#???) I suspect that Coan, Machicek, Locker, and Joseph Brown have the passport and the permanent resident cards. I filed motion to compel the prosecution to disclose their location and possession, which Schroeder completely disregarded. Therefore I cannot use airports and harbors to leave the US. Additionally, I lost everything since my arrest on 20180406 and no longer have any savings. Therefore I cannot even purchase a plane or ship ticket. My family will not support me becoming a fugitive from justice. My grand father was the 13rd attorney general of South Korea. My family comes from a strict legal background and they whole-heartedly believe in and respect the American justice system.

(2) I do not personally know anyone who can provide me with a private maritime or aeronautic transportation because none of my friends nor acquiantences have any.

(b) As Coan, Machicek, and Schroeder stated, I do not have any ties in East Texas. That means I do not have anyone who can hide me as a fugitive from justice. I have nowhere to run in East Texas. Even in Houston and Dallas where I do have couple friends, all of my friends are law abiding folks who will not let me become a fugitive from justice. I have no property, even an apartment, to run and hide in.

(c) My case had been publicized. My face is too well known for me not to be recognized in public.

(d) If flight was my purpose, I would not have raised 250t motions throughout the case nor would I have proceeded pro se.

(e) My patriotism and nationalism towards America is undisputed. Therefore I have absolutely no desire to flee to another nation and

spend the rest of my life outside of America nor ~~do~~ would I permit myself to become a fugitive from justice. I plan to ~~f be~~ clear my name through appeal and civil actions and live in America as a productive and decent American citizen until I die.

(f) My family will never assist me to become a fugitive from justice. However my family is willing to financially support my ~~~~ necessities (shelter, clothing, food, transportation) and support me fighting this case. (See the affidavits / declarations from my mom and my grandfather submitted during 20181010 2nd detention hearing.)

(g) I was out on bond for a much more serious case, which was an aggravated felony: aggravated assault with a deadly weapon, from 20161205 to its dismissal on ~~20180~~ 20170727. (Case 241-0072-17/241-0576-17). I did not flee. I reported in religiously to both the pretrial services and to the bondsman (see dkf#133) I followed all bond conditions adamantly. The only violation was travelling out of state once to drive a customer which I later self reported to the pretrial officer right away. The First Choice Bailbonds can vouch for me that I am not a flight risk.

2. Danger factor

(a) This case has no victim. The only person harmed by this case is me. (See the presentence report ~~to~~ for confirmation.)

(b) I do not fall under the 18 USC § 3142 (f)(1)(A); (B), or (C),

(c) My charges are 18 USC §924(a)(1)(A), a regulatory document fraud, and 18 USC §922(g)(4) simple possession of a firearm. These are not aggravated felonies for a permanent resident.

(d) I do not consume any medications, controlled substances, nor alcohol. I keep

a clear head at all times. (In fact I imposed a prohibition in my premise to my roommates. (gov trial exhibit #35))

(e) I was a gun owner for two and half years. I owned weapons my entire life. (Excluding the time I was on bond) I have never used any of my weapons unlawfully.

(f) I had never been convicted of even simple assault.

(h) There are 60+ police reports against me. None of them are actually emergent or even remotely a police matter. Most of them are actually fraudulent. (16028385 was a police report against Matthew Lack, not me.) The only person harmed by these malicious police calls and responses is me.

(i) Other than the fraudulent and defective agg assault case 241-0526-17, I was never even charged with any crime of violence or threats. In fact, excluding infractions (like traffic tickets), I do not have any criminal convictions. (The events 6.18 cr16 should not be considered a conviction since I am appealing.) ~~There are~~

(j) The only other criminal charge than this case and 241-0526-17 is 001-80843-18, which is criminal trespass, and still pending due to the incompetence and malice of the County Court and the US Marshal Service for not transporting me to trial on May. 2018. conspiring to put me back in custody even I get on federal bail.

(k) I do not have possession of any of MY firearms. The 4 firearms "administratively" forfeited are on dispute (see the case 18-60848) pending appeal of my conviction and my 1 remaining firearm had been criminally forfeited on 2018/1/15 by the jury. (see the case 18-41154)

The district court did not even consider any of the options and completely disregarded the possibility of a secured bond to conspire to deprive me of my 5th and 6th amendment rights. The detention order from both Love and

\* I will comply with any and all conditions adamantly including but not limited to house arrest.

Schroeder are completely fraudulent and should be disregarded. I am more than willing to comply with any and all conditions described by 18 USC §3142 (b) and (c) deemed reasonable and necessary by the court. If a secured bond is deemed necessary my friends and my family will be of help for me to secure that.

Previously both through written motions (dkt # 47) and during open court, I argued and proved that it is impossible for me to be a flight risk and it is completely against common sense and letter and color of the law to deem me a danger. The prosecution and the district court however deemed me a danger and a flight risk not based on the nor the factual evidences, but on perjured hearsay to deprive me of my 5th and 6th Amendment rights and to extort a plea deal by keeping me ignorant and by causing physical discomfort and even pain, stress, and tremendous financial damage. (During 2018/010 hearing Lucas Machleck even actively procured perjury from Matthew Lack.)

## II. Supplementary Factors.

1. This case involves not only plain legal errors and my innocence for the appeal. but also astronomical amount of judicial, prosecutorial, and official misconduct and criminal conspiracy and violations of the district court judges, the prosecutors, government agents, etc. Not only do I need access to the law library and my own docket but also access to the internet and email to file grievances, civil actions, and criminal complaints to the proper channels. The US Atty's Office and the district court of East TX had proven to be completely untrustworthy.

2. Bail pending appeal.

proceed appeal pro-se and

(a) After sentencing, I plan to ✓ file motion for release pending appeal pursuant to FRAP Rule 9(b) and 18 USC §3143 (b)(1). On that motion, I plan to perfect it by clearly defining and proving §3143 (b)(1)(B) factors regarding my case by citing more statues and case laws. In order to do that, I need an access to a law library, which Gregg County Jail does not have. Even after sentencing until I get transported to the BOP facility, if in custody, I am going to remain in Gregg County Jail getting deprived of my rights entitled as a federal detainee. If I am out on bail I can easily get a computer and access law library and my docket at will to promptly file an excellent and meritorious motion for release pending appeal a couple hours after the sentencing hearing. rather than suffering additional undue burden, and irreparable harm, and unwarranted delay in the appellate process. The disposition of the motion can be done prior to surrender date.

(b) If I am going to be out on bail, anyway, it would be illogical to waste BOP's funds and manpower to process me in, house me pending disposition of that motion, etc. Being out on bail pending sentencing and then continued bail pending appeal would be much more logical and saving everyone's money and time.

(c) Even though the BOP facilities have email, law library, docket access, and help contacting the proper channels of authorities, it is undisputable that any type of detention would limit my ability to fight my case and especially to file necessary criminal complaints, grievances, misconduct complaints, and civil actions, and follow up on them.

(d) Even though the BOP has good medical care, it is undisputable that I will get superior medical care via my family support

* I was induced ... April ... BOP facilities for total of 12.4 years that BOP facilities do not have access to pacer, on my own docket. This is a must have for me as a pro-se appellant.

3. As I mentioned on numerous occasions, the Gregg County Jail has no law library, docket access, nor adequate communication method. I am still spending hundreds of dollars in phone calls to my friend to do legal research. The Gregg County Jail is even denying me from reviewing my own discoveries via an ~~Heath~~ investigator. I was able to achieve this much detained in an intolerable condition from the beginning as a 25-year-old pro-se defendant with no previous legal training. ~~Be ... have paper ...~~ Imagine what I can do with a full law library, pacer, email, and computer access. ~~I~~ My standby counsel is not responsive at all and refused to disclose his cellphone number. The prosecutor's office actually blocked my jail phone calls. The clerk of district court ~~also~~ ignored my request to provide ~~me~~ a non automated extension which I can use to contact the district court since the jail phone does not function with an automated directory. Schroeder denied my motion to compel Coan to unblock me and start answering my calls and the district clerk to provide me with an extention I can reach. (dkt #372 V, I B viii) on frivolous and malicious grounds. All of these can be resolved if I am out on bail.

4. Health/Medical reasons. (See main application for 6:18cv655.) The Gregg County Jail is far below minimum nationally required nutrition standards. I also do not get ~~enough~~ exercise stuck in 9'×6' segregation cell 23 to 24 hours per day. Also both the Gregg County Jail AND the USMS of East Tx had been denying me medical treatment.

I also need medical care that BOP probably do not provide such as PRK, braces, ~~Constructive plastic surgery~~ and over bite surgery (See ~~HERE~~ in 6:18 cr 16 docket) ~~Report May:~~ Motion for immediate release for medical reason / motion to compel US Marshal # Registered on 20190227.

5. Federal Performance Based Detention Standards. is the minimum requirement that a contracted facility must follow. The attached is my ~~own detailed~~ analysis of the Gregg County Jail's violation of FPBDS.

6. 6:18 cv 655 case (Please reference this case)

I filed a habeas corpus 28 USC §2241 for release from custody due to violation of my rights entitled as a federal detainee and a pro-se defendant, also based on false ~~application~~ imprisonment. Habeas corpus is an emergency application for the writ that takes priority over civil cases. and must be promptly disposed. ~~for the~~ It has been nearly 4 months since I filed this application. However there had been 0 rulings on this case.

7. False imprisonment / fraudulent detention pursuant to 18USC§3142 and 18 USC §3164. (See dkt #78, #356, ~~on # 6:18 cr 16 docket~~ ~~and other replied applications~~ and previous memo for appeal of detention on 18-41027 docket.)
↑ docketed as #178 on the trial docket.

8. Passport and permanent resident card: The ATF seized my passport and 2 permanent resident cards on 20180406 search and seizure. I filed numerous motions to ~~return the card~~ find their whereabouts and return them. I sent mails to the prosecutor's office regarding it. (It's actually after mentioning passport and permanent resident cards that the prosecutor's

office blocked my jail phone calls) On the order #372 of 6:18cr16, Schroeder purposely omitted saying anything about the prosecution ~~having~~ in relevance to my passport and permanent resident cards, and then maliciously denied my motion on frivolous grounds. (#372 VIIβ) The prosecution and the district court are criminally conspiring to steal my passport and permanent resident cards. The prosecution also has possession of my Texas Driver's License and social Security Card. The prosecution and the district court's actions are criminal I plan to contact proper channels and thoroughly investigate this matter, which is impossible to do in custody. (I am in process of contacting South Korean ~~empty~~ embassy in Houston TX)

9. Financial issues
Shortly after I was arrested and my roommate moved out my residence was broken into. Almost every property that I had were either ruined or stolen. My vehicle was also stolen. Tyler Police Department refused and is refusing and is refusing to do their job properly and accepting my burglary claim, thus preventing me from filing insurance claim (which is nearly impossible to do in jail) (See the Tyler PD report during 20181010 hearing) The attorney that my family hired to handle my finances, Sul Lee, did not do adequate and proper job. (Lee had power of attorney to handle these). I was informed through my PSI report that I have $16,528 of debt, $15,723 being collection for the car finances. Lee was required handle this. She maliciously did not and even mislead my family. This could be easily resolved if I am out on bail.

## III Nature and circumstances of the offenses charged

(See 6:18cr16 #261 and 292 for more detail.) (Also see supplementary #261)

1. 18 USC §924(a)(1)(A)    Count 1-7

(a) Nature: In order to be guilty of §924(a)(1)(A), an accused must,

(1) Knowing the ~~information~~ statements were false,

(2) provided false information regarding information required to be kept in the record by FFL to a FFL dealer.

(3) Information required to be kept are defined in §922(b)(5), name, age, and address. (age usually proven through DOB)

(4) The name, age, and address are the 3 most important factors to identify an individual and to run a background check through NICS or any type of criminal background system.              or people with criminal intent

(5) Usually people who are not eligible to purchase firearms from FFL give false name, age, and address to deceive a FFL dealer to avoid background check performed with their identity or to avoid leaving record of purchase to prevent LE from tracking them down.

(b) Circumstances:

(1) I gave no false name, date of birth, and address during any firearm transactions. I also provided correct SSN, DL#, etc. There was no intent to deceive at all and the FFL had no trouble identifying me

(2) I am a permanent resident, not an alien. Identifying as a citizen was purely out of such an intense love for our country and the fact that I was ashamed that I am a South Korean citizen. It made absolutely no m

✱ Brian Barbour ~~loan 1840 1551 Idischne custom dagger in court Date Filed: 11/19/2019~~ know I identified as a citizen but was able to identify me properly

differences regarding my eligibility or lawfulness to acquire and possess firearms.

(3) If I had a criminal intent and/or scheme I would not have walked into gun stores with surveillance camera and filled out a government forms, especially giving my proper identity.

(4) The prosecution went completely out of scope of §924(a)(1)(A) and betrayed the letter and the color of the law by giving me completely defective and fraudulent indictment and committed numerous perjury to the grand jury, the court, and the trial jury. The district court then completely sided with the prosecution and conspired with them to get me convicted to deprive my gun rights.

2. ~~(  )~~  18 USC §922(g)(4), 924(a)(2). Count 8.

(a) Nature: In order to be guilty of §922(g)(4) and 924(a)(2)

(1) The accused must own/possess a firearm or ammunition

(2) The accused must be adjudicated mentally defective/committed to a mental institution

(3) The accused own guns knowing that s/he was not supposed to pursuant to §922(g)(4).

(4) In order to be adjudicated as a mentally defective, or committed to a mental institution an individual must have a judicial finding of such following a proper due process and an adversary hearing. 27 CFR §478.11, NIAA sec 101 (c)(1)(C).

(5) "Mentally ill", "mentally defective", "danger to others or self", and ~~legality~~ confirmation of any diagnosis regarding mental health are judicial determinations not psychiatric

(6) NICS, FDI, or ATF must inform the individual when labelling

\* Harper is very familiar with my case. Aubrey John Harper   14
has my fully informed consent to speak on my behalf.

VI. I request the court to release me to the ~~custody~~ supervision of Aubrey
John Harper in Houston Texas. Harper had been helping and
mentoring me throughout this case via jail phone for hundreds
of hours. Harper had been mentoring me even before this
case started. Harper will ~~al~~ mentor me through my appeal
also. Harper will never tolerate / allow me to become a fugitive
from justice. I am fighting the case to clear my name. If
I flee and do anything unlawful, that would be betraying
Harper's trust and (metaphorically) back stabbing him in the back.

VII I request the court to reference any and all motions
regarding release / detention on 6:18cr16 docket.

I respectfully request release pending sentencing with.
1. Release pending ~~sentencing~~ appeal motion to be filed within
14 days after sentencing.
2. Release to Houston Texas area under supervision of Aubrey
John Harper
3. Release with any and all necessary ~~and reasonable~~ conditions.
4. Suppression of fraudulent Smith Co. County Warrant.
to prevent any ~~a~~ further undue burden and irreparable
harm caused by unlawful actions of the EDTX USMS, District
Court, Prosecutor's Office, and Gregg County Jail.

2019 03 14  2100 hours.

differences regarding my eligibility or lawfulness to acquire and possess firearms.

(3) If I had a criminal intent and/or scheme I would not have walked into gun stores with surveillance camera and filled out a government forms, especially giving my proper identity.

(4) The prosecution went completely out of scope of §924(a)(1)(A) and betrayed the letter and the color of the law by giving me completely defective and fraudulent indictment and committed numerous perjury to the grand jury, the court, and the trial jury. The district court then completely sided with the prosecution and conspired with them to get me convicted to deprive my gun rights.

2. ~~(####)~~ 18 USC §922 (g)(4), 924 (a)(2). Count 8.

(a) Nature: In order to be guilty of §922(g)(4) and 924(a)(2)

(1) The accused must own/possess a firearm or ammunition

(2) The accused must be adjudicated mentally defective/ committed to a mental institution

(3) The accused own guns knowing that s/he was not supposed to pursuant to §922(g)(4).

(4) In order to be adjudicated as a mentally defective, or committed to a mental institution an individual must have a judicial finding of such following a proper due process and an adversary hearing. 27 CFR §478.11, NIAA sec 101 (E)(1)(C).

(5) "Mentally ill", "mentally defective", "danger to others or self", and ~~legality~~ only icon firmation of any diagnosis regarding mental health are judicial determinations not psychiatric.

(6) NICS, FBI, or ATF must inform the individual when labelling



them of §922 ~~factors~~ prohibition factors, NIAA(c)(3), Brady Handgun ~~Act~~ Violance Prevention Act.

(b) Circumstances.

(1) I owned multiple firearms lawfully.

(2) There is no judicial finding within my mental health history. "Temporary orders" that Coan emphasized so much on were not judicial finding. They are temporary confinement order for observation and a summons for a court hearing.

(3) I sent an inquiry after denial of 20160119. The FBI purposely kept the fact that I had been labeled §922(g)(4) from me. to conspire to deprive my gun rights and purposely did not answer my inquiry.          agencies, both federal and state.

(4) The law enforcement visited my premise multiple times. and were well aware of my firearm possession. However they made no attempt to confiscate any nor did not inform me of §922(g)(4) entry.

(5) I had never been adjudicated mentally defective nor committed to a mental institution. The FBI NICS entries are completely fraudulent. I did not know that I had been labelled a prohibited person by NICS until this case started

(6) Please read dkt #292 of 6:18cr6 for in depth explanation.

(7) Coan, Machicek, Locker, and Schroeder think they make the law and they have profound hatred of our constitution. They are criminally conspiring to deprive my gun rights under pathologization of dissent doctrine, since I am a right winger and supporter of President Trump.

IV Fraudulent Smith County Warrant for my arrest. There is a completely fraudulent warrant for my arrest in Smith County for a case 001-80843-18. Class B misdemeanor. Reference 6:18 cr 16 #151 and 154 and appeal of order #222 on docket 18-41027. This warrant must be quashed and this case must stay pending disposition of the federal case. Even if I get convicted, the maximum term of imprisonment is 6 months for class B, therefore at this point it's time served. I was at Gregg County Jail for nearly 11 months and total near 12 months in custody. See 18 USC § 3585. This case was a complete fault of my previously retained atty, who made 0 effort to get this case resolved, and conspiracy of US Marshall in East Texas, Schroeder, Mickelson, Jason Ellis, and Smith County DA to unlawfully confine me again even if I get a federal bail. (The US Marshals did not transport me to the trial eventhough on May 2018 if was their responsibility.)

V. It should be noted that I am writing this emergency motion with extremely limited resources. I do not have access to pacer nor a law library. Also I received the mail from the appellate court clerk, Casey Sullivan, that I have 10 days from the notice of appeal to file the memorandum on 20190311 and that I had to file this memorandum by 20190314 on 20190312. I still have no idea when notice of appeal was registered to the docket.

14

\* Harper is very familiar with my case. Aubrey John Harper has my fully informed consent to speak on my behalf.

VI. I request the court to release me to the ~~custody~~ Supervision of Aubrey John Harper in Houston Texas. Harper had been helping and mentoring me throughout this case via Jail phone for hundreds of hours. Harper had been mentoring me even before this case started. Harper will ~~not~~ mentor me through my appeal also. Harper will never tolerate / allow me to become a fugitive from justice. I am fighting the case to clear my name. If I flee and do anything unlawful, that would be betraying Harper's trust and (metaphorically) back stabbing him in the back.

VII. I request the court to reference any and all motions regarding release / detention on 6:18cr 16 docket.

I respectfully request. release pending sentencing with.

1. Release pending ~~sentencing~~ appeal. motion to be filed within 14 days after sentencing.

2. Release to Houston. Texas area under supervision of Aubrey John Harper

3. Release with any and all necessary and reasonable conditions.

4. Suppression of fraudulent Smith County Warrant.

to prevent any further undue burden and irreparable harm caused by unlawful actions of the EDX USMS, District Court, Prosecutor's Office, and Gregg County Jail.

20190314 2100 hours.

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT.

### No. 19-40193

UNITED STATES OF AMERICA, ~~B Reveaws Pdak S3~~
    Plaintiff / appellee.

V.

HEON JONG YOO, also known as Hank Yoo,
    Defendant. / appellant

### Trial Case: 6:18 cr 16

It is ORDERED that the defendant's request to be released pending sentencing (with a surrender to custody date) is GRANTED.

It is further ORDERED that the defendant, if in possession of his passport and permanent resident cards, will surrender them to the court while ~~as~~ being released.

The defendant is to comply with the following conditions in 18 USC § 3142 (c) ~~conditions~~

1. ~~able to~~ The defendant is to remain in Houston Texas area and to acquire special permission before travelling outside of Harris County. Defendant released to the supervision of Aubrey John Harper.

2. The defendant will report to the probation office on weekly basis and submit to urianalysis.

3. The defendant will refrain from alcohol and controlled subs ~~ea~~ completely.

4. The defendant will refrain from possessing a firearm, destructive

and dangerous weapons.

5. The defendant will undergo available medical treatment regarding ~~his~~ orthopedic surgery, physical therapy, optometry, dentistry, and constructive plastic surgery, etc.

6. Comply with curfew ~~and~~ to remain in his abode/premise from 2200 to 0800 hours.

7. The defendant will wear an ankle monitor.

It is also ordered that the defendant ~~will~~ will file motion for release pending appeal pursuant to FRAP Rule 9 (b) and 18 USC §3143 (b)(1) within 14 days after sentencing.

Upon violation of any conditions of release, failure to file the motion for release pending appeal within 14 days after sentencing, or denial of the motion for release pending appeal, the defendant will surrender to BOP custody within 72 hours.

The Smith County Court at Law is ordered to quash the fraudulent warrant for the defendant's arrest for the case 001-80843-18 and stay the case pending disposition of the federal case.

The District Court WILL NOT ~~order~~ order the defendant to be detained immediately after sentencing (See conditions above)

[ Suggested Order ]

# Notice of inmate filing.

I am an inmate confined in Gregg County Jail. On 20190314 around 2100 hours, I am depositing this memorandum in the institution's mail system. The first class postage is being prepaid by me.

I declare under the penalty of perjury that this is true and correct.
18 USC § 1621, 28 USC § 1746.

20190314 2100 hours.
Hank You

Gregg County Jail's violations regarding

the Federal Performance- Based Detention Standards

COURT OF APPEALS RECEIVED MAR 19 2019 FIFTH CIRCUIT

A. (Administration and Management)

1. (Policies and Procedures)

1. Jeff Callaway is the facility director. He does not make sure it's up to the FPBDS.

3. The jail only provides the inmate handbooks to detainees not the detailed facility policies and procedures, and refuses to provide the detailed policies and procedures even upon request without any compelling justification.

4. (Admission and Orientation)

5. Orientation described in this section is never given.

7. Detainees do not sign anything.

7. (Detainee with disabilities)

5. Education programs do not exist.

9. (Staffing)

8. (Written code of ethics)

b. Employees usually cover each other's misconduct up rather than reporting integrity violation.

13. Staff misconduct are almost never investigated.

B. (Health care)

2. (In take health Screening)

2. Medical screenings are done by regular guards.

4. [I never received tuberculin skin test, but it might be because I received one at Smith County Jail.]

6. Mental health screenings are done by regular guards.

3. (Appraisals)

1. Comprehensive appraisals are not performed.

6. Comprehensive appraisals are not performed.

4. (Access to Health care)

    1. The jail does not inform detainees adequately.

    5. The forms are hard to obtain and they almost never give preventative measures such as MRI.

    7. The jail disregards USMS healthcare standards.

C. (Security and Control)

    4. (Use of force and restraints)

      1. Staff use chemical agent (pepper spray) as secondary and tertiary resorts without compelling justification.

      2. Restraints and chemical agents are used as punitive measures.

    8. (Discipline)

      2. Disciplinary segregation is widely used for variety of reasons.

D. (Food)

    4. (Equipment, utensils, and linens)

      3. The detainee are just given a spoon. Utensils are never washed and kept in detainees' possession at all times.

      5. No equipment to hold utensils after use.

    13, 15, 16. Non food contact surfaces and utensils remain under detainees' possession at all times and are not cleaned compliant to Food Code. No linens. [Non food contact surfaces are left upto the detainee.]

      19. The equipments listed are not stored compliant to Food Code.

    5. (Meals and diets)

      1. The meal menus are significantly nutritionally deficient and far below nationally accepted level.

2. Meals do not adhere to the approved menus and the substitutions are nutritionally deficient.

4. Menus below basic daily servings.

E. (Restrictive Housing)

6. (Discipline)

1. Segregation is used for various punitive measures.

7. (Administrative)

1. Reason for placing a detainee in restrictive housing is completely discretionary and often not supported.

2. No clearly defined rules.

5. Restrictive housing is used on discretion even w/o evidences.

17. There is no step down program nor degrees of restrictive housing. Detainee are removed at discretion from restrictive housing.

18. There is no defined process.

20. Restrictive housing does not have a TV nor phone within the cells.

21. The staff members are on walks and usually cannot or do not converse with detainees.

23. There is no daily visits from the administrator nor weekly visits from program staff

30. All detainees other than trustees are only allowed to shave twice per week and even then sometimes the jail only gives razors once per week. It's much harder to get a haircut than in general population.

35. No law library.

37. Only max 3 h/week of rec.

38. Such program does not exist. Such opportunities do not exist.

40. (Access to programs)

 a. Education services do not exist.

 b. Library services do not exist.

 c. Social services do not exist.

8. (Classification)

 1. Levels and classifications to restrictive housing do not exist.

F. (Safety and sanitation)

1. (Fire safety)

 11. Fire drills are never conducted.

2. (Sanitation and Environmental control)

 1. Facility is neither extremely disgusting nor worn down, but not clean nor well maintained.

 4. Frequent pest spotting. Pest grievances often ignored.

 8. (Programs for environmental control.)

  a. Temperature is usually super-cold and the maintenance blasts A/c down on cells constantly. Humidity wise it's either too dry or too humid. For segregation cells lights are on 24/7, making it hard to sleep.

  c. In segregation cells, the A/c blast is probably above 45 dBA. Also there's severe noise pollution coming from the water pipes.

 12. Detainees are not provided adequate space to store clothes and personal belongings; it's nearly non-existent.

3. (Clothing and bedding);

 1. Facility clothing is either too big or too small. Thermal clothing / insulation is not given.

 2. Except for ~~these~~ two jumpsuits, non of this listed are given.

 4. Detainees only issued 1 sheet and 1 towel. No pillow case

5. Detainees issued only 1 blanket. Usually the living area and housing units are extremely cold.

4. (Detainee Hygiene.)

2. Showers are not temperature controllable.

3. The water for the showers is usually below 100°F

4. Nail clippers are supposed to be given to detainees upon request but the jail staff often either ignores the request or lies that they do not give clippers to the detainees or they can't find one. Razors are only given twice per week and are terrible quality.

5. Detainees rarely have access to haircut services. No scissors.

G. (Services and Programs)

2. (Access to the courts and legal materials)

1. Detainees cannot check their own dockets. Detainees are deprived of docket access.

3. No law library. Detainees are deprived of most materials to facilitate the preparation of documents.

6. (Recreation).

1. Detainees only rec 3 hours/week. Exercise equipments do not exist other than 1 hoop and 1 basketball, sometimes even the basketball is not available.

2. Leisure-time activities outside of their respective cells or living room do not exist.

7. (visitation)

1. Only state recognized families are allowed to visit.

2. No space for visiting. Just window visit.

3. Visitor number limited, length limited to 20 minutes. without

any justification

5. Special visitations do not exist.

8. Work Program for federal detainees do not exist.

9. ( Grievance Program )

   2. Grievance forms are very hard to obtain and given at the guards' discretion.

Additional finding

G.2.3. Detainees deprived of access to any discovery which is not in paper form. Other than licensed attorneys, even the investigators of pro-se defendants are not permitted to visit with electronic devices therefore depriving detainees of access to any discoveries which are electronic.

G.3.3. Gregg County Jail only respects attorney client privilege and "privileged mails" from and to public officials and news media, but disregards work-product protection between a defendant, even a pro-se defendant, and a counsel of choice

G.9.1. Appeals are usually intercepted and rejected by the lower ranking members. Appeals almost never result favorably to the detainees even if the staff abuses discretion or violates the detainee's rights significantly.

G.3.1 Detainee's postage purchase limited to 20 stamps per Commissary delivery and 40 stamps per week.

B.5.21 The only dental treatment provided to the detainees is extraction.

Hank You 19-40193
101 E Methvin
Longview TX 75601

Sent 2019 03/14
SPRINGHILL LA 71b
15 MAR 2019 PM 2 L

FOREVER / USA

Barn Swallow

70130-341499

Federal Appellate Court
600 S Maestri Place
New Orleans LA 70130